UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-62346-BLOOM/Valle

DANIEL QUINN HELGESON,

      Plaintiff,

v.

MAYOR LYNN STONER, *et al.*,

      Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court upon *pro se* Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, ECF No. [3] ("Motion"), filed in conjunction with Plaintiff's Complaint, ECF No. [1] ("Complaint"). The Court has carefully considered the Motion, the Complaint, the record in this case, and is otherwise fully advised.

Plaintiff has not paid the required filing fee and, thus, the screening provisions of 28 U.S.C. § 1915(e) are applicable. Fundamental to our system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. Congress has provided that a court "may authorize the commencement . . . or prosecution of any suit, action or proceeding . . . or appeal therein, without the prepayment of fees . . . therefore, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed *in forma pauperis* ("IFP")). Permission to proceed *in forma pauperis* is committed to the sound discretion of the court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *see also Thomas v. Chattahoochee*

*Judicial Circuit*, 574 F. App'x 916, 916 (11th Cir. 2014) ("A district court has wide discretion in ruling on an application for leave to proceed IFP."). However, "proceeding *in forma pauperis* is a privilege, not a right." *Camp*, 798 F.2d at 437.

In addition to the required showing that the litigant, because of poverty, is unable to pay for the court fees and costs, *Martinez*, 364 F.3d at 1307, upon a motion to proceed *in forma pauperis* the Court is required to examine whether "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint satisfies any of the three enumerated circumstances under Section 1915(e)(2)(B), the Court must dismiss the complaint.

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]o state a plausible claim for relief, the plaintiff[] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949). Although a *pro se* litigant's pleadings are construed more liberally than pleadings drafted by attorneys, "this leniency does not give the court license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain the action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

Even under the relaxed pleading standard afforded to *pro se* litigants, Plaintiff's Complaint does not set forth cognizable claims. The Complaint does not include sufficient factual matter that, if accepted as true, allows the Court to reasonably infer that Defendants—an extensive list of public officials including a mayor, police officers, crime scene technicians, paramedics, prosecutors, public defenders, and state court judges—are liable for any misconduct or wrongdoing much less for violation of Plaintiff's civil rights under 42 U.S.C. § 1983.

According to the Complaint, Plaintiff is presently incarcerated in Broward County jail for attempted murder in the first degree and was ordered to undergo psychological evaluations, ECF No. [1-1] at 5. Plaintiff contends that his husband raped him and that he is a victim of spousal abuse. *Id.* at 1. He maintains that he sent the "MY RAPES -PLEASE HELP ME!" letter, *id.* at 3-9, to various individuals, such as Mayor Lynn Stoner, who forwarded the letter to the police, who then forwarded it to the State's Attorney's Office, who forwarded it to Plaintiff's public defender, and he also sent the letter to various judges. *Id.* at 1. He alleges that because he is a gay man, his letter is ignored and, consequently, he is a victim of a hate crime "by everyone involved with my alleged crime scene and this case from all interactions and interviews by any and all police officers, detectives, paramedics, Broward Sheriff Gregory Tony, Plantation Mayor Lynn Stoner, and all judges! All of the people listed as Defendants are GROSSLY NEGLIGENT!" *Id.* In particular, he argues that the Defendants "took an oath to uphold the law" but they have ignored his "pleas for help to report the crimes of rape and abuse," and he has "clearly been denied [his] constitutional rights to justice to report [his] assailant[.]" *Id.*

Even construing the Complaint broadly, Plaintiff fails to allege any violation of his civil rights. Indeed, it is entirely unclear how any Defendant committed any wrongdoing much less a violation of his "constitutional rights." In this regard, while Plaintiff asserts that he is a victim of

a hate crime (purportedly based on his sexual orientation and gender), his allegations are entirely conclusory in nature, unadorned, and attenuated as to any Defendant's involvement. Although the Court is sympathetic to Plaintiff as his Complaint alleges he believes he has been "betray[ed]" by the judicial system "at every turn," *id.* at 2. However, as alleged, the receipt of his letter and the lack of outcomes he seeks do not demonstrate a cognizable violation of 42 U.S.C. § 1983.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**.

2. The Motion, **ECF No. [3]**, is **DENIED AS MOOT**. Any pending motions are **DENIED AS MOOT**.

3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 18, 2020.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Daniel Quinn Helgeson
501903010
Broward County Main Jail
Inmate Mail/Parcels
Post Office Box 9356
Fort Lauderdale, FL 33310